FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 09, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STERLING AND WILSON SOLAR SOLUTIONS, INC., a Delaware Corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FIDELITY AND DEPOSIT COMPANY OF MARYLAND, an Illinois insurance company, and ZURICH AMERICAN INSURANCE COMPANY, an Illinois insurance company,<br><br>　　　　Defendants. | No. 1:22-CV-03076-SAB<br><br>**ORDER DENYING MOTION FOR SUMMARY JUDGMENT** |

　　　Before the Court are Defendants Fidelity & Deposit Company of Maryland and Zurich American Insurance Company's Motion for Summary Judgment, ECF No. 18, and Plaintiff's Motion to Strike or Leave to File Sur-Reply, ECF No. 30. The Court held a hearing on the motion in Yakima, Washington on January 25, 2023. Defendants were represented by Paul Friedrich. Plaintiff was represented by Ana-Maria Popp and Justin T. Scott.

　　　The Court took the motions under advisement. After considering the briefing, the caselaw, and the parties' arguments, the Court denies Defendants'

**ORDER DENYING MOTION FOR SUMMARY JUDGMENT** # 1

Motion for Summary Judgment and finds Plaintiff's Motion to Strike as moot.

## I. Facts

Around June 23, 2020, Plaintiff Sterling and Wilson Solar Power Solutions, Inc. entered into a construction contract with Lund Hill Solar, LLC for the development of a 152.5 MW AC at the Delivery Point solar photovoltaic power plant located in Klickitat County, Washington. Plaintiff entered into a subcontract with Conti, LLC ("Conti") for Conti to perform work on the photovoltaic power plant.

Defendant Zurich American Insurance Company ("Zurich") issued a performance bond ("the Performance Bond"), Bond No. 9368480, on behalf of Plaintiff subcontractor, Conti, and in favor of Plaintiff worth Thirty million Eight Hundred Seventy-Two Thousand Four Hundred Twenty-Nine and 50/100 Dollars ($30,872,429.50). The Performance Bond was a widely-used "AIA – A312" bond form, drafted by the American Institute of Architects. The Performance Bond lists Plaintiff as "Owner" and Conti as the "Contractor." This Performance Bond guaranteed Conti's performance under the Subcontract for just under $31 million. On or about November 2021, Conti began to falter in its performance under the Subcontract, and on February 18, 2022, Plaintiff terminated Conti's Subcontract for default.

On February 21, 2022, Plaintiff sent its written notice ("Plaintiff's Notice") to Defendant Zurich, advising that Conti defaulted on the Subcontract and stated that the Notice was being provided pursuant to Section 3 of the Performance Bond contract. Plaintiff's Notice expressly stated: "Should you believe a preliminary meeting would be helpful, in accordance with Section 3.1, please do not hesitate to contact me, thanks."

Plaintiff's Notice was delivered to Defendant Zurich on February 23, 2022 at 1299 Zurich Way, Schaumburg, Illinois, the address listed on the Performance Bond. The Performance Bond stated that: "Notice of the Surety…shall be mailed

**ORDER DENYING MOTION FOR SUMMARY JUDGMENT # 2**

or delivered to the address shown on the page on which their signature appears." The Performance Bond did not provide an email address for receipt of notices. Defendant Zurich attempted to route Plaintiff's Notice to Defendant Zurich's Chicago office but it appears that Defendant Zurich lost Plaintiff's Notice. Defendant Zurich acknowledges that "it remains unclear what happened to the Notice Letter after it was placed with the internal courier on February 25, 2022."

Under Section 5 of the Performance Bond, Defendant Zurich had ten (10) days to respond to Plaintiff's Notice indicating whether it would either arrange for Conti to complete the work under the construction contract or obtain a bid from another contractor to complete the work. After losing Plaintiff's Notice, Defendant Zurich never provided any response. On March 11, 2022, more than ten (10) business days after Defendant Zurich's receipt of Plaintiff's Notice, Plaintiff signed a subcontract with OLG, Inc. to complete Conti's scope of work.

Plaintiff filed this lawsuit on May 31, 2022, alleging breach of contract. Defendants now moves for summary judgment. Defendants argue that due to Plaintiff's failure to satisfy the Performance Bond's express conditions precedent, Plaintiff does not have a viable claim. Defendants go on to assert that Plaintiff's "failure to comply with the contractual conditions precedent prejudiced Zurich because it deprived Zurich of its ability to exercise any of its bargained-for performance options under Section 5."

Plaintiff responds that Defendants' legal analysis ignores applicable Washington law; overlooks questions of fact that exist as to Plaintiff's Notice, and purposefully omits their own loss of Plaintiff's Notice.

## II. Discussion

### A. Legal Standard for Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is no genuine issue for trial unless

**ORDER DENYING MOTION FOR SUMMARY JUDGMENT** # 3

there is sufficient evidence favoring the non-moving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The moving party has the initial burden of showing the absence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party meets its initial burden, the non-moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248.

In addition to showing there are no questions of material fact, the moving party must also show it is entitled to judgment as a matter of law. *Smith v. Univ. of Wash. Law Sch.*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim on which the non-moving party has the burden of proof. *Celotex*, 477 U.S. at 323. The non-moving party cannot rely on conclusory allegations alone to create an issue of material fact. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993).

When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

**B. Applicable Law**

    a. <u>Choice of Law – Washington</u>

In Washington, a "choice of law" provision in insurance contracts that calls for applying another state's law is unenforceable. Wash. Rev. Code § 48.18.200 states that "no insurance contract … to be performed in this state, shall contain any condition … requiring it to be construed according to the laws of any other state." RCW 48.18.200(1)(a). Previous courts have applied this statute to performance bonds. *Stellar J. Corp. v. Argonaut Ins. Co.*, No. 3:12-CV-05982 RBL, 2014 WL 1513292, at *3 (W.D. Wash. Apr. 16, 2014). Washington case law states that "the

**ORDER DENYING MOTION FOR SUMMARY JUDGMENT** # 4

undertakings of compensated sureties are regarded as "in the nature" of insurance contracts, … and subject to the rules of applicable to simple contract law." *Colorado Structures, Inc. v. Ins. Co. of the W.*, 161 Wash. 2d 577, 586 (2007). Given Wash. Rev. Code § 48.18.200 and Washington case law, Washington law applies in this matter.

### b. Prejudice

Under Washington law, a "violation of a notice requirement exonerates surety only to the extent of resulting prejudice even when notice is an express condition precedent to liability under the performance bond." *Colorado Structures, Inc.*, 161 Wash. 2d at 619 (2007); *See Lazelle v. Empire State Sur. Co.*, 58 Wash. 589, 592, 109 P.195, 196 (1910) (where "the surety cannot complain when it can show no loss or substantial damage by reason of the failure to receive notice, in the exact and technical language of the contract, or make it appear that its failure to receive notice has prevented it from taking proper steps for its protection.")

Additionally, Washington and Federal Courts have indicated that, "when notice serves its purpose as well when given after the prescribed as it does before—that is, when it is equally effective in protecting the surety from loss—it is inequitable and a manifold abuse of the purposes of this provision of the bond to hold that the mere technical variance shall relieve the obligor entirely." *Heffernan v. U.S. Fid. & Guar. Co.*, 37 Wash. 477, 481 (1905); *see also Providence Health & Servs. v. Certain Underwriters at Lloyd's London*, 358 F. Supp. 3d 1195 (W.D. Wash. 2019) (granting partial summary judgment in favor of the insured, despite an insured's non-compliant notice, because the insurer failed to establish actual prejudice).

### C. Defendants' Motion for Summary Judgment

Summary judgment is not appropriate at this time. Construing the facts in the light most favorable to Plaintiff, genuine disputes of material fact and genuine issues for trial exist. Notably, both parties argue they did nothing wrong yet admit

**ORDER DENYING MOTION FOR SUMMARY JUDGMENT** # 5

some of their own failures. Defendants have not shown that no reasonable jury would find in favor of Plaintiff, or that it is entitled to judgment as a matter of law. Accordingly, the Court denies Defendants' Motion for Summary Judgment.

### D. Plaintiff's Motion to Strike

Plaintiff requests that the Court strike Defendants' supplemental Declaration of David Bresel in support of its Motion for Summary Judgment. Because the Court did not rely on Defendants' supplemental Declaration of David Bresel to find genuine disputes of material fact, the Court dismisses Defendants' Motion to Strike as moot.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendants Fidelity & Deposit Company of Maryland and Zurich American Insurance Company's Motion for Summary Judgment, ECF No. 18, is **DENIED**.

2. Plaintiff's Motion to Strike or Leave to File Sur-Reply, ECF No. 30, is **DENIED**, as **MOOT**.

**IT IS SO ORDERED.** The District Court Clerk is hereby directed to file this Order and provide copies to counsel.

**DATED** this 9th day of February 2023.



Stanley A. Bastian
Chief United States District Judge

**ORDER DENYING MOTION FOR SUMMARY JUDGMENT** # 6